Erich N. ROSENTHAL, Appellant,

v.

J. S. GROVES, Appellee.

No. 14509.

Court of Civil Appeals of Texas.

Houston.

Feb. 25, 1965.

Rehearing Denied March 18, 1965.

Ellis F. Morris, Jack Rook, Houston, for appellant.

Spiner, Pritchard & Thompson, Clark G. Thompson, Houston, for appellee.

BELL, Chief Justice.

This is an appeal from a judgment dismissing with prejudice the appellant's suit against appellee, the basis of the dismissal being that appellee had received his discharge in bankruptcy.

On February 5, 1962, appellant filed suit against appellee seeking to recover $6,250.·00. By an amended petition appellant alleged that beginning April 13, 1960, he and appellee entered into a series of business transactions shown on an attached ledger sheet. The sheet shows an account carried by appellant for appellee and gives seven debit entries from the beginning date to October 28, 1960 aggregating $12,750.00. It shows two credits to the account and a balance due of $6,250.00, and appellant alleges as a result of the "loans" made by the appellant to appellee and the repayments made by appellee there was a balance due of $6,250.00. In the alternative appellant alleged appellee executed and delivered to him three negotiable checks drawn on the Houston Bank & Trust Company that aggregated $6,250.00 that had been returned by the Bank marked "Insufficient Funds."

On trial of the case the trial court rendered judgment for appellant for $4,803.00. The case was appealed by appellee here, who was appellant there, and we reversed and remanded because the trial court, after proper request, had failed to file findings of fact and conclusions of law. Groves v. Rosenthal, Tex.Civ.App., 371 S.W.2d 792.

We should here note that we learn of the nature of the claim asserted by appellant by judicially noticing the pleadings contained in the transcript filed in the previous appeal. The transcript in this appeal does not include the plaintiff's petition or defendant's answer prior to his answer setting up his discharge. Appellant has, in argument before us, asked that we judicially notice our records. Appeal is here without a statement of facts.

While the case was pending on appeal, appellee, on July 12, 1963, filed his petition in the United States District Court praying that he be adjudged bankrupt. On his schedule he listed the judgment rendered against him in appellant's favor noting it was an "action on alleged debt" and that it was on appeal. Appellee received his discharge in bankruptcy February 7, 1964. The Supreme Court of Texas, in the previous appeal, refused a writ of error, no reversible error on January 29, 1964. The mandate of this Court issued February 24, 1964.

On May 25, 1964, appellee filed his second amended original answer and pled his discharge in bankruptcy as a bar. At the same time he filed his motion to dismiss appellant's suit because he had been so discharged. Certified copies of the petition in

bankruptcy, the schedules and the order of discharge were attached. In reply appellant opposed the motion pleading that since an appeal from the judgment was pending at the time the petition was filed it was not a provable claim under Section 63, sub. a(1) of the Bankruptcy Act, 11 U.S.C.A. § 103, sub. a(1) and that a discharge in bankruptcy only operates to discharge provable claims. 11 U.S.C.A. § 35.

· The court rendered judgment dismissing the case with prejudice. Thereafter appellant filed a motion to vacate the judgment on the same grounds on which he had opposed dismissal and attached certified copies of the petition in bankruptcy, the schedules and the order of discharge. This was overruled.

Appellee does not dispute that the judgment was not a final one at the time of filing the petition in bankruptcy. He concedes it was not final, so that the judgment itself was not a provable claim within the meaning of 11 U.S.C.A. § 103, sub. a(1). His position is that the claim or cause of action asserted in the suit in which the judgment was rendered was itself a provable claim under either 11 U.S.C.A. § 103, sub. a(4, 8) or that part of (1) stating that a "fixed liability * * * evidenced by an instrument in writing, absolutely owing at the time of the filing of the petition by or against him, whether payable or not * * *" is provable.

We are of the view that appellant's claim was a provable one under the part of Subsection (1) of Sec. 103, sub. a above quoted or under Subsection (4) of Section 103, sub. a and the discharge operated to discharge appellant's claim.

The claim of appellant was based, as evidenced by his pleading, on alternative theories of recovery. First, he contends there was a series of transactions extending from April 13, 1960 through October 28, 1960, in which appellant made seven different loans to appellee and appellee made two payments on the account. He thus sues in form on open account. Too, the pleadings would sustain a recovery based on money had and received with the implied obligation by appellee to repay. This claim would be provable under Subsection (4) of Section 103, sub. a providing that debts may be proved and allowed if based on open account or contract, express or implied. Remington on Bankruptcy, Sec. 790–793.

The other theory of recovery was that appellee had executed three negotiable checks payable to appellant that had been returned by the bank because of insufficient funds. This theory sought recovery on a written contract evidencing a fixed liability. The provability of this type of debt is covered by that part of Subsection (1) of Sec. 103, sub. a above quoted.

The part of Subsection (1) of Sec. 103, sub. a relied on by appellant is not applicable. That part merely refers to a situation where the claim asserted is the judgment. In order to be a fixed liability the judgment must be final. If the judgment is final, the original claim is merged into the judgment and cannot itself be proved because it no longer exists. Where the judgment is not final, there is no merger and the obligation being sued upon would itself be the claim to be asserted. This conclusion is reinforced when we also notice Subsection (5) of Sec. 103, sub. a, 11 U.S.C.A., which provides that debts may be proved and allowed that are based on "provable debts reduced to judgments after the filing of the petition and before the consideration of the bankrupt's application for a discharge * * *". Before this subsection was adopted there were cases holding that where there was a provable debt that was reduced to judgment after the filing of the petition in bankruptcy, the original debt was merged in the judgment so that at the time of discharge it did not exist as a provable claim and was not discharged. It did not come in as a provable claim under Subsection (1) because there was no final judgment at the date of filing of the petition and no provision had been made in the Act for discharge.

of a judgment subsequently obtained. Remington on Bankruptcy, Secs. 809–812. The intent of the Act, therefore, is to make all claims that at the time of filing the petition in bankruptcy have not been reduced to final judgment provable and thus subject to being discharged, if under some other subsection of Sec. 103, sub. a other than one relating to final judgments existing when the petition in bankruptcy is filed they are defined as provable claims. This must necessarily be the interpretation if the basic purpose of the Bankruptcy Act is to be accomplished, that is, that with very few exceptions, as specified in 11 U.S.C.A. § 35, a debtor is discharged of his obligations so he may start life anew.

The case of Fidelity Union Casualty Co. v. Hanson, 44 S.W.2d 985 (Tex.Com. App.), relied on by appellant, is not applicable. There some people named Haymann sued Hanson to recover damages suffered as a result of Hanson's negligence. At the time Hanson filed his petition in bankruptcy a judgment had been rendered against him but an appeal had been perfected by giving notice of appeal and filing a cost bond. This prevented the judgment from becoming final. The case was affirmed. Hanson then filed this suit against his insurer to recover the amount by which his policy of insurance indemnified him. The insurer pled that Hanson's discharge in bankruptcy discharged the judgment. The Commission of Appeals held there was no discharge because Subsection (1) of 11 U.S.C.A. § 103, sub. a, required that the judgment be final when the application to be declared a bankrupt was filed. A claim based on negligence, the Court noted, was not a provable claim. We note the law has since been changed. A final judgment based on negligence would have merged the claim into the judgment and it would have become a fixed liability based on a judgment and thus provable. In the absence of a final judgment at the date of bankruptcy the claim against Hanson was non-provable.

It is noticed the trial court here dismissed the suit with prejudice. A plea of discharge in bankruptcy is a plea in bar. Proper procedure here would have been to enter a take-nothing judgment either after a motion for summary judgment by appellee or a trial on the merits. However, a dismissal with prejudice operates as a bar to further proceedings. Dyches v. Ellis, 199 S.W.2d 694 (Tex.Civ.App.). We, therefore, affirm the judgment of the trial court.

Affirmed.