Affirmed as Modified and Memorandum Opinion filed May 4, 2006
















Affirmed as Modified and Memorandum Opinion filed May 4, 2006.

 

 

In The

 

Fourteenth
Court of Appeals

____________

 

NO. 14B05-00115-CV

____________

 

P & S
CORPORATION, Appellant

 

V.

 

HAN IL PARK,
INDIVIDUALLY AND D/B/A DONG-A VIDEO, AND HAN IL PARK, INDIVIDUALLY AND D/B/A
MIDDLE SOUTH OF AMERICA VIDEO ASSOCIATION, Appellees

 



 

On Appeal from the 61st District Court

Harris County,
Texas

Trial Court Cause No. 2003-16018

 



 

M E M O R A N D U M   O P I N I O N








Appellant P & S Corporation (AP & S@) appeals
the granting of a summary judgment in favor of Hal Il Park individually and
d/b/a Dong-A Video and d/b/a Middle South of America Video Association (Aappellees@).  In thirteen points of error, P & S
argues, inter alia, that (1) the alleged settlement agreement between
the parties is unenforceable; (2) the trial court=s
judgment is defective; (3) the trial court erred in refusing to conduct a trial
on the terms of the alleged settlement agreement; (4) the alleged settlement
agreement is ambiguous, was a counteroffer, and only partially addresses P
& S=s claims;
and (5) the trial court erred in awarding attorney=s fees to
Park.  We modify the judgment to delete
the language dismissing P & S=s claims
and affirm the judgment as modified.

Background

P & S distributes videos of South Korean
television programs to various rental stores in Texas.  
Han Il Park is the owner of Dong-A Video, a store that rents videos
distributed by P & S.  Park also
controls Middle South of America Video Association, one of P & S=s
competitors.  According to P & S,
Park published notices in several Korean-American newspapers, accusing P &
S of unfair and fraudulent business practices. 
P & S also claims that Park met with the corporate officers of
Korean Television Entertainment (KTE) to obtain distribution rights, even
though P & S already had an exclusive contract with KTE.  

P & S sued Park in his
individual and professional capacities, alleging price fixing, tortious
interference with contract, and defamation. 
In August of 2004, Park entered into a purported settlement agreement
with P & S, allegedly negotiated by Kwang Bok Chae, who is the
father-in-law P & S=s
owner.  According to Park, the agreement
required Park to issue a public apology, and in exchange, P & S would
dismiss the pending lawsuit.  Park
drafted an apology statement, and P & S published it in Korean newspapers
shortly thereafter. 

Procedural
History

After Park=s apology
was published, P & S demanded a partial reimbursement of attorney=s fees in
the amount of $20,000.  According to P
& S, Park  responded that if P &
S did not dismiss its lawsuit pursuant to the settlement agreement, he would
hold Chae responsible for breach of contract.








In a fax dated September 8, 2004,
P & S asserted that Park=s apology
constituted an admission of fault and urged Park to withdraw a prior motion for
no-evidence summary judgment.  On
September 10, P & S filed its own motion for partial summary judgment,
alleging that Park=s apology
constituted an admission of fault that conclusively proved all of P & S=s
claims.  On September 13, Park filed the
following documents: (1) Defendant=s Third Amended
Answer and Counterclaims, alleging breach of the settlement agreement and
requesting attorney=s fees;
(2) Defendants/Plaintiffs= Motion
for Summary Judgment and Motion to Dismiss Plaintiff=s Cause
of Action; and (3) Defendants/Plaintiffs= Motion
for Sanctions.

On September 24, P & S filed
Plaintiff=s Response to Motion for Final
Summary Judgment and Motion for Sanctions. 
On October 1, Park filed (1) Defendants/Counter-Plaintiffs= Motion
for Leave to File Response to Plaintiff=s Motion
for Partial Summary Judgment and (2) Defendants/Counter-Plaintiffs= Response
to Plaintiff=s Motion for Partial Summary
Judgment.

The trial court denied P & S=s motion
for partial summary judgment on October 15, 2004.  The same day, the trial court granted Park=s motion
for summary judgment and motion to dismiss. 
The trial court awarded $17,500 in attorney=s fees as
damages, apparently based on the affidavit of Park=s
attorney.  On October 19, P & S filed
a Motion for Reconsideration of Defendant=s Motion
for Summary Judgment and Motion to Dismiss on Attorney=s
Fees.  Park then filed an objection and
response, alleging a revised sum of attorney=s fees in
the amount of $6,125, calculated from the date of the purported settlement
agreement.

The trial court signed the final
judgment on November 10, denying P & S=s motion
for reconsideration and awarding Park $6,125 in attorney=s
fees.  P & S filed a motion for new
trial on November 16 and a supplemental motion for new trial on December
10.  The trial court denied P & S=s motion
for new trial on January 14, 2005, and P & S filed notice of appeal on
January 28.

Standard of Review








In a traditional motion for
summary judgment, the movant has the burden to show that no genuine issue of
material fact exists and that the movant is entitled to judgment as a matter of
law.  Tex.
R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison County
Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). 
In reviewing a grant of summary judgment, we take as true all evidence
favorable to the nonmovant and make all reasonable inferences in the nonmovant=s
favor.  Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 549 (Tex.
1985).  A defendant, as movant, is
entitled to summary judgment if it (1) disproves at least one element of the
plaintiff=s theory of recovery; or (2)
pleads and conclusively establishes each essential element of an affirmative
defense, thereby rebutting the plaintiff=s cause
of action.  Am. Tobacco Co. Inc., v.
Grinnell, 951 S.W.2d 420, 425 (Tex.
1997).  An element is conclusively proved
if ordinary minds could not differ as to the conclusion to be drawn from the
evidence.  Triton Oil & Gas Corp.
v. Marine Contractors & Supply Inc., 644 S.W.2d 443, 446 (Tex. 1982).

The nonmovant does not have a
burden to respond to a motion for summary judgment unless a movant establishes
its right to judgment as a matter of law. 
Casso v. Brand, 776 S.W.2d 551, 556 (Tex. 1989). 
If the movant meets its burden, it is incumbent upon the nonmovant to
respond to the movant=s
evidence and to present contrary evidence sufficient to create a fact issue, or
else risk an adverse ruling.  Westland
Oil Dev. Corp. v. Gulf Oil Corp., 637 S.W.2d 903, 907 (Tex. 1982). 
When, as here, a trial court=s order
granting summary judgment does not specify the grounds relied upon, we must
affirm summary judgment if any of the summary judgment grounds is
meritorious.  Oliphint v. Richards,
167 S.W.3d 513, 515-16 (Tex. App.CHouston
[14th Dist.] 2005, pet. denied).

Enforceability of the
Purported Settlement Agreement

In its first and ninth points of
error, P & S disputes the enforceability of the alleged settlement
agreement.  We find the settlement
agreement to be enforceable.








In its first point of error, P
& S argues that the agreement is unenforceable because  it was not filed in compliance with Rule 11
of the Texas Rules of Civil Procedure.  
Rule 11  provides that Ano
agreement between attorneys or parties touching any suit pending will be enforced
unless it be in writing, signed and filed with the papers as part of the
record, or unless it be made in open court and entered as of record.@  Tex.
R. Civ. P. 11.    Rule 11 does not
require the writing to be filed before consent is withdrawn by one of the
parties, but it does require the agreement to be filed before anyone seeks to
enforce it.  Padilla v. LaFrance,
907 S.W.2d 454, 461 (Tex.
1995).  A settlement agreement attached
as an exhibit to a motion for summary judgment satisfies this filing
requirement.  Jones v. Am. Motorists
Ins. Co., 769 S.W.2d 617, 618-19 (Tex. App.CHouston
[14th Dist.] 1989, no writ).  In the
instant case, P & S alleges that appellees did not file the settlement
agreement; however, appellees attached a copy of the settlement agreement as an
exhibit to their motion for summary judgment.[1]  Accordingly, we hold that the settlement
agreement satisfied the requirements of Rule 11.

In its first point of error, P
& S also argues that the settlement agreement is unenforceable because it
lacks all the essential terms.  In its
entirety, the purported settlement agreement attached to appellees= motion
for summary judgment provides:

 

Middle
South of America Video Association and P&S Mr. Kwang Bok Chae=s settlement agreement is
as follows:

 

1.  P & S (Mr. Kwang Bok Chae) officially
acknowledge Middle South of America Video Association.

2.  When informing new regulations to existing
retail stores and distributing original video tapes to new retail stores, prior
notification of it to the President of Middle South of America Video
Association is the fundamental and general rule.

3.  Deleted.
No video tapes shall be supplied to new retail stores within 3 miles radius. 

4.  UPS shipping charge shall be reduced in its
normality.

5.  The original video tapes shall be delivered
on the date the retail stores desire.

6.  All litigation against Mr. Han Il Park shall
be dismissed and [sic] will not sue Mr. Park again in the future. (Cause No.
2003-160-18; 61-Trial Court)

7.  The President of Middle South of America Video
Association, Han Il Park promises to publish an apology statement in light of
his appreciation of the reconciliation.

P & S Representative, Kwang Bok Chae, SIGNED








The
President of Middle South of America
Video Association, Han Il Park

 

P & S fails to identify which essential terms
are missing from the agreement and cites authority only for the general principle
that agreements must contain essential terms. 
Because P & S fails to explain its reasoning, this argument is
waived.  See Tex. R. App. P. 38.1(h) (stating that
appellant=s brief must contain a clear and
concise argument for the contentions made, with appropriate citations to
authorities and to the record); Bartosh v. Gulf Health Care Ctr.BGalveston, 178
S.W.3d 434, 445 (Tex. App.CHouston
[14th Dist.] 2005, no pet.)

In its ninth point of error, P
& S argues that the settlement agreement is not enforceable because Chae,
who signed the agreement, had no authority to bind the corporation.  However, because P & S did not raise this
issue in the court below, it is waived.  See
Tex. R. App. P. 33.1(a)(1)(A)
(stating that the record must show that the complaint was made to the trial
court by a timely request, objection, or motion that states grounds for the
sought-after ruling with sufficient specificity to make the trial court aware
of the complaint); Atl. Lloyds Ins. Co. v. Butler, 137 S.W.3d 199, 209
(Tex. App.CHouston [1st Dist.] 2004, pet
denied.)  We overrule P & S=s first
and ninth points of error.

Language of Final Judgment

In its second point of error, P
& S alleges that the judgment=s
statement that P & S=s causes
of action are Adismissed@ is erroneous
because a summary judgment must resolve all issues on the merits.   The relevant portion of the judgment
provides: 

 

On this date, the Court considered [Appellees=] Motion for Summary
Judgment and Motion to Dismiss [P & S=s] Causes of Action, and
after reviewing the evidence and hearing the arguments, the Court finds that
both motions should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED
THAT [P & S=s] all causes of action
against [Appellees] . . .  is [sic]
hereby dismissed and P & S Corporation take nothing from Han Il Park
individually and dba Dong-A Video & dba Middle South of America Video
Association

 

(emphasis
added).








The Fourth Court of Appeals
addressed a similar situation in Martinez v. S. Pac. Transp. Co., 951
S.W.2d 824, 830 (Tex. App.CSan
Antonio 1997, no pet.), in which the plaintiff complained that the trial court
erred by dismissing his cause of action. 
In that case, the judgment provided:   


On
this 27 [sic] day of June, 1996, the court heard Defendant [Southern Pacific=s] Motion for Summary
Judgment, and having considered the motion has determined it should be granted.

It
is therefore ORDERED that the above-styled and numbered cause be dismissed
with prejudice as to [Southern Pacific] and that the Plaintiff take nothing
from the Defendant. . . . Id.  

  

(emphasis added). 
Noting that the trial court had disposed of the case by granting summary
judgment, the  court of appeals asserted
that Athe
proper judgment is that plaintiff take nothing@ and
stated that the trial court should not have ordered the dismissal.  Id.  The court of appeals held that the judgment
should be Amodified to delete the order of
dismissal with prejudice@ and
affirmed the judgment of the trial court as modified.  Id.

The judgment in the instant case
is similar to that in Martinez.  We agree with the reasoning in Martinez and
hold that the judgment in this case should be modified to delete the dismissal
language.  Accordingly, we overrule P
& S=s second
point of error subject to the specified modification.[2]

Failure to Grant Trial on
the Merits

In its eighth, tenth, eleventh,
twelfth, and thirteenth points of error, P & S alleges that the case should
have proceeded to trial.  We will address
these points in a different order to facilitate a more logical discussion.








In its tenth point of error, P
& S alleges that granting summary judgment was erroneous because the
settlement agreement contains several ambiguities, and therefore a fact issue
exists.  P & S first raised the issue
of ambiguity in its Motion for Reconsideration of [Appellees=] Motion
for Summary Judgment and Motion to Dismiss on Attorneys Fees.  In that motion, P & S alleged that Athe
agreement fails because the terms are ambiguous and any ambiguity or
uncertainty in an agreement is construed against the party who drafted the
same, which is [Park].@  However, P & S did not identify which
terms were ambiguous or how they were so. 
Although P & S elaborates on this argument in its brief, identifying
the terms and their alleged ambiguities, it did not state its grounds with
sufficient specificity in its motion for reconsideration.  See Tex.
R. App. P. 33.1(a)(1)(A) (as a prerequisite to presenting a complaint
for appellate review, the record must show that the complaint was made to the
trial court by a timely request, objection, or motion that stated the grounds
for the ruling sought by the complaining party with sufficient specificity to
make the trial court aware of the complaint). 
We overrule P & S=s tenth
point of error.

In its eleventh point of error, P
& S argues that because the settlement agreement was a counteroffer, the
trial court erroneously granted summary judgment based on an incomplete
contract.  To the contrary, the summary
judgment evidence establishes that Park accepted P & S=s offer
by writing the apology letter, which P & S subsequently published. 

It is well-settled that
performance in compliance with the terms of an offer may constitute valid
acceptance.  United Concrete Pipe
Corp. v. Spin-Line Co., 430 S.W.2d 360, 364 (Tex. 1968). 
This acceptance is valid as long as it does not change or qualify the
terms of the offer.  Id. 
Here, a condition of P & S=s
settlement offer was that Park A[promise]
to publish an apology statement in light of his appreciation of the
reconciliation.@  In response, Park wrote a letter in which he
identified himself as Athe one
who is responsible for Texas Middle South of America Video Association@ and
admitted that Adue to my short-comings, I have
caused so much pain to the President of P&S Corporation, Kwang-Bok Chae and
his family members.@  Park further confessed:     

 








Since
the year 2000 to present, as the president of Middle South of America Video
Association, my only thought was for profit and progress of the video store
owners, and that caused friction with KBS, MBC, and SBS chief distributors and
much suffering and unproductive pain for Mr. Kwang-Bok Chae, President of
P&S Corporation. . . .   I am responsible for depriving local
Korean-Americans of their right to view the video tapes; and I again extend my
apologies.

 

P & S contends that the
apology letter did not conform with the terms of the offer and thus did not
constitute a valid acceptance.  In
support of this argument, P & S argues that Ait is not
entirely clear what sort of apology was contemplated in the agreement,@ but that
Athe most
reasonable interpretation . . . is that [Park=s]
apology was for the conduct which led to the claims [P & S] filed against
him.  According to P & S, Park=s apology
altered the terms of the agreement and Aamounted
to a new counteroffer which [P & S] did not accept.@  However, P & S does not explain how Park=s apology
failed to address the conduct that led to its initial claims, nor does it cite
any authority besides general contract principles; therefore, P & S=s
arguments are unconvincing.  Park
accepted the settlement offer by writing the apology letter, and the settlement
agreement thus became a completed contract. 
We overrule P & S=s
eleventh point of error.

In its twelfth point of error, P
& S argues that the settlement agreement only partially addressed its
claims against appellees, and therefore the trial court erred by granting
summary judgment on all of P & S=s claims.
In its Motion for Reconsideration of Defendant=s Motion
for Summary Judgment and Motion to Dismiss on Attorney=s Fees, P
& S alleged that neither the settlement agreement nor the apology letter
addressed its price fixing claim.  On appeal,
however, P & S merely rehashes its argument that the settlement is
ambiguous and asserts that the apology letter is Aat best,
only partial consideration@ and Ashould
only be considered a release for claims based on conduct addressed in the
letter of apology.@  However, in making these assertions, P &
S makes no reference to the price fixing claim and fails to assert any
authority in support of its argument. 
Accordingly, it waives this argument. 
Tex. R. App. P. 33.1(a);  Tex. R.
App. P. 38.1(h).  We overrule P
& S=s twelfth
point of error.








In its eighth point of error, P
& S argues that the court erred in granting appellees= motion
for summary judgment because the trial court must construe the evidence in the light
most favorable to the non-movant, and P & S, the non-movant, disputed the
enforceability of the settlement agreement. 
P & S asserts that the motion for summary judgment Aon its
face is insufficient to support the Final Judgment.@  Similarly, in its thirteenth point of error,
P & S alleges that the trial court erred in refusing to grant an
evidentiary hearing or a trial on the merits on the terms of the alleged
settlement agreement.[3]  As explained above, regarding points of error
one and nine, we find the settlement agreement to be enforceable.  In points of error eight and thirteen, P
& S makes no new substantive arguments regarding enforceability.  Accordingly, we overrule these points of
error.

Attorney=s Fees 

In its third, fourth, fifth, sixth, and seventh points of
error, P & S challenges the trial court=s award of attorney=s fees to appellees.  We review a trial court=s decision to award attorney=s fees de novo.  G.R.A.V.I.T.Y. Enter., Inc. v. Reece
Supply Co., 177 S.W.3d 537, 546 (Tex. App.CDallas 2005, pet. denied).   We will consider P & S=s points of error in a different
order to facilitate a more logical discussion.

In its fifth point of error, P & S argues that the trial
court erred in awarding attorney=s fees to Park when Park did not prove
actual damages.  We disagree.  A party generally may not recover attorney=s fees incurred in the defense or
prosecution of a lawsuit.   G.R.A.V.I.T.Y.
Enter., Inc.,177 S.W.3d at 546; Qwest Commc=ns Int=l, Inc. v. AT&T Corp., 114 S.W.3d 15, 32-33 (Tex. App.CAustin 2003, pet. granted), rev=d in part on other grounds, 167 S.W.3d 324 (Tex. 2005); Lesikar
v. Rappeport, 33 S.W.3d 282, 306 (Tex. App.CTexarkana 2000, pet. denied).  However, recovery of reasonable attorney=s fees as damages is available based
on equitable grounds if (1) the natural and proximate consequence of a wrongful
act has been to involve a plaintiff in litigation with others or (2) the
defendant has acted in bad faith, vexatiously, wantonly, or for oppressive
reasons.  G.R.A.V.I.T.Y. Enter., Inc.,177
S.W.3d at 546.








In his amended counterclaim, Park pled, among other claims,
causes of action for fraud and intentional misrepresentation, negligent
misrepresentation, promissory estoppel, quantum meruit, and breach of
contract.  In his motion for summary
judgment, Park argued causes of action for breach of contract, false
representation, and promissory estoppel. 
Although the pleadings and motion do not explicitly state that P & S
acted vexatiously or wantonly, we can infer this meaning from their
substance.  Furthermore, P & S
appears to have acted in bad faith by attempting to use Park=s apology statement, which was the
product of a negotiated settlement, as evidence against him.  Therefore, we uphold the award of attorney=s fees to Park.  See Nationwide Mut. Ins. Co. v.
Holmes, 842 S.W.2d 335, 342 (Tex. App.CSan Antonio 1992, writ denied)
(noting that Athere is nothing sacrosanct about
attorney=s fees per se that forbids their
award as damages@); Guffey v. Clark, No. 05-93-00849-CV, 1997 WL
142750, at *3 (Tex. App.CDallas March 31, 1997, writ denied) (not designated for
publication) (noting that a plaintiff is entitled to recover attorney=s fees as damages if they are
proximately caused by an alleged tort).[4]  We overrule appellant=s fifth point of error.

In his third point of error, P & S contends that the
trial court erred in awarding attorney=s fees to Park without clearly
identifying the claim that established Park=s right to such fees.  However, the judgment states that Park was
awarded attorney=s fees Aas damages,@ and as discussed above, this is permissible.  We overrule appellant=s third point of error. 

In its seventh point of error, P & S argues that Park was
not entitled to attorney=s fees because he did not provide the requisite thirty-day
notice under Section 38.002 of the Texas Civil Practice and Remedies Code and
because the settlement agreement did not authorize an award of attorney=s fees.   In light of our holding on appellant=s fifth
point of error, this argument is irrelevant. 
We overrule appellant=s seventh
point of error.








In its fourth point of error, P & S argues that the trial
court erred in awarding attorney=s fees without holding an evidentiary
hearing and in relying solely on a conclusory statement contained in Park=s response to P & S=s motion for new trial.  P & S argues that the award of attorney=s fees constituted an unliquidated
claim requiring an evidentiary hearing under Rule 243 of the Texas Rules of
Civil Procedure.  However, P & S
fails to explain its reasoning and accordingly has waived this argument.  Tex.
R. App. P. 38.1(h).  Regarding the
amount of fees, both parties agree that the trial court reduced the amount from
$17,500 to $6,125 based on an affidavit from Park=s attorney averring that the $6,125
accrued because P & S continued to pursue litigation despite the settlement
agreement.  Although the affidavit itself
does not appear in the record, both parties agree that it was attached to Park=s response to P & S=s motion to reconsider and that the
trial court relied on this affidavit in determining the amount of the
award.   Accordingly, we hold that the
trial court did not err in awarding $6,125 in attorney=s fees to Park.  We overrule appellant=s fourth point of error.

In its sixth point of error, P
& S contends that the trial court erred by entering a final judgment
granting attorney=s fees
without giving P & S sufficient opportunity to challenge the validity of
the settlement agreement.  P & S
relies on Rule 245 of the Texas Rules of Civil Procedure, which provides that 

 

the
Court may set contested cases on written request of any party, or on the court=s own motion, with
reasonable notice of not less than forty-five days to the parties of a first
setting for trial, or by agreement of the parties; provided, however, that when
a case previously has been set for trial, the Court may reset said contested
case to a later date on any reasonable notice to the parties or by agreement of
the parties.

 








P & S claims that it was
entitled to forty-five days= notice
after appellees brought their counterclaim for breach of contract but that the
trial court improperly rendered summary judgment only thirty-five days after
appellees brought their counterclaim. 
However, because P & S fails to direct this court to a corresponding
specific objection in the record, this issue is not preserved.  See Tex.
R. App. P.  33.1(a) (stating that
to be preserved for appellate review, a complaint must be made to the trial
court by a timely request, objection, or motion that states the grounds for the
ruling sought from the trial court with sufficient specificity to make the
trial court aware of the complaint); Tex.
R. App. P.  38.1(h) (stating that
appellant=s brief must cite appropriately
to the record).  We note that P & S did not
request an opportunity to challenge the validity of the agreement before the
trial court entered a final judgment. 
While P & S vaguely complains about the agreement=s validity in a motion for new trial
and discusses its lack of enforceability in more detail in a supplemental
motion for new trial, P & S did not specifically challenge the validity of
the agreement before the trial court rendered judgment.  Therefore, this issue is not preserved for
appeal.  Furthermore, because there
is no evidence in the record of the scheduled trial date, P & S has failed
to demonstrate a violation of Rule 245. 
We overrule appellant=s sixth
point of error.

In conclusion, we hold that the
trial court did not err by granting appellees= motion
for summary judgment because the evidence indicates that no genuine issue of
material fact exists and that appellees were entitled to judgment as a matter
of law.  We further hold that the trial
court did not err in awarding attorney=s fees to
appellees.  However, we hold that the
judgment improperly includes language dismissing P & S=s causes
of action.  Therefore, we modify the
judgment to delete the dismissal language and affirm the judgment as modified.

 

 

 

 

 

/s/        Adele
 Hedges

Chief Justice

 

 

Judgment rendered and Memorandum Opinion filed May
4, 2006.

Panel consists of Chief Justice Hedges and
Justices Yates and Anderson.











[1]  In its brief,
P & S argues that Anothing in the appellate records show that the alleged
settlement agreement is on file.@  It is true that the record initially received
by this court did not contain the settlement agreement; in fact, the record did
not contain the motion for summary judgment that forms the basis of this
appeal, nor did it include several other highly relevant documents.  However, the appellant is responsible for
ordering the appellate record; therefore, P & S cannot attempt to benefit
from its own failure to procure such documents. 
See Tex. R. App. P. 37.3(b)
(stating that an appellate court may dismiss the appeal if the appellant fails
to pay or make arrangements to pay the clerk=s fee
for preparing the clerk=s record).  Upon
ordering the remainder of the record, this court discovered that appellees had
indeed attached the settlement agreement to their motion for summary
judgment.  See Tex. R. App. P. 34.5(c)(1), (c)(3)
(providing that an appellate court may request relevant items that have been
omitted from the clerk=s record, and those items will be part of the
appellate record).





[2]  P & S also argues that using
the term Adismissed@ renders the document an order
rather than a judgment.  However, P &
S cites no authority for this argument, and therefore, it has waived this
issue.  See Tex. R. App. P. 38.1(h).  P & S further alleges that the final
judgment is defective because it Afails to find that the order is issued because of [P &
S=s] breach of the alleged >settlement agreement.=@  However,      
P & S fails to explain how this renders the judgment defective and
again cites no authority for its position; accordingly, it has waived this
issue as well.  See id.





[3]  P & S also
asserts that the trial court=s failure to grant an evidentiary hearing or a trial
on the merits violated its rights to Due Process and Equal Protection.  Once again, however, P & S fails to cites
any authority or explain its reasoning; therefore, it waives this argument.  Tex.
R. App. P. 38.1(h).





[4]    We recognize
that the Guffey court explicitly limited its holding to the facts of
that case; however, we find it to be instructive on this issue.