**Jennie BALL, Appellant,**

v.

**Wally SMITH, Appellee.**

**No. 05–03–01360–CV.**

Court of Appeals of Texas, Dallas.

Dec. 8, 2004.

David M. Stagner, Sherman, for Appellant.

Martha Lee Bean, McKinney, for Appellee.

Before Justices WRIGHT, RICHTER, and MAZZANT.

## OPINION

Opinion by Justice RICHTER.

This is a no-evidence summary judgment case. Summary judgment was granted for appellee, Wally Smith. On appeal, appellant Jennie Ball asserts that the trial court erred in (1) granting Smith's no-evidence motion for summary judgment and (2) ordering sanctions against her. We affirm the trial court's judgment.

## Factual Background

After dating briefly, Smith and Ball became engaged. Later, they mutually decided against formalizing the marriage and instead began living together at Smith's residence. During this cohabitation, Ball made a number of expenditures for the benefit of Smith's property.

Less than three years later, Ball filed an Original Petition for Divorce, alleging an informal marriage. Smith filed a Petition for Declaratory Judgment requesting the trial court to find that an informal marriage did not exist. In an amended petition for divorce, Ball then asked the trial court to construe the couple's relationship as a partnership if it found that there was no informal marriage. After hearing evidence on Smith's petition, the trial court found that there was no informal marriage, ruled that the claim of partnership would remain pending, and took the issue of attorney's fees under advisement.

Smith denied the existence of a partnership in his unverified answer to Ball's amended petition and asked the court for sanctions against Ball. Ball then filed her Second Amended Petition, which listed approximately $100,000 in expenditures that she had made for the benefit of Smith during their cohabitation. Alleging that she had made these expenditures because Smith had represented that she could live in his home for life, Ball asserted claims for equitable reimbursement and partition of assets and property, negligent misrepresentation, fraud, breach of contract, and reimbursement in light of a resulting trust. Ball likewise reiterated her alternative claim of partnership.

In response to Ball's second petition, Smith filed his Motion for Final Summary Judgment and Motion for Sanctions. Smith alleged that Ball had failed to state a cause of action and had failed to present evidence to raise an issue of material fact

as to the existence of marriage, partnership, resulting trust, or writing to evidence a promise or agreement that would support any of Ball's other claims. In her response Ball addressed only two of her claims, asserting that she had provided more than a scintilla of evidence in support of her claims for partnership and for equitable reimbursement and partition. Regarding the latter claim, Ball asserted that the expenditures had not been based upon Smith's representations, as she had alleged in her second petition.

After hearing argument on Smith's motion, the trial court took the issue under advisement. With the court's permission, Smith filed his amended affidavit, which specifically denied the elements of a partnership. Ball filed a supplemental response, repeating that she had provided more than a scintilla of evidence in support of her claims of partnership and for reimbursement and partition.

The trial court ultimately granted Smith's motion for summary judgment, dismissed Ball's second amended petition, and ordered Ball to pay Smith's attorney's fees. At Ball's request, the trial court prepared Findings of Fact and Conclusions of Law. The trial court found, among other things, that Ball's Second Amended Petition was frivolous and groundless, stating there is no basis in existing law to support her claim that the relationship should be construed as a partnership and/or should give rise to the distribution or partitioning of any property.

## I. No–Evidence Summary Judgment

### Applicable Law

Smith argues there was no evidence of one or more essential elements of Ball's claims under rule 166a(i) of the Texas Rules of Civil Procedure. *See Espalin v. Children's Medical Center of Dallas,* 27

S.W.3d 675, 682–83 (Tex.App.-Dallas 2000, no pet.)(no-evidence summary judgment motion may be urged on the ground that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial). A no-evidence motion for summary judgment places the burden on the nonmovant to present summary judgment evidence raising a genuine issue of material fact. *See* TEX.R. CIV. P. 166a(i); *see also Espalin,* 27 S.W.3d at 683.

■ We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *General Mills Restaurants, Inc. v. Texas Wings, Inc.,* 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet.). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *General Mills,* 12 S.W.3d at 833. A no-evidence summary judgment is improperly granted if the nonmovant presents more than a scintilla of evidence to raise a genuine issue of material fact. *Id.* More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997) (citations omitted). In determining whether the nonmovant has met her burden, we consider the evidence in the light most favorable to the nonmovant. *General Mills,* 12 S.W.3d at 833.

### Application of Law to Facts

In her first issue, Ball urges that the trial court erred in granting Smith's motion for summary judgment because (1) the motion alleged that she failed to state a cause of action, a defect that should have been attacked with special exceptions; (2) the motion consisted of conclusory allegations and did not comply with the rules governing no-evidence motions; (3) she presented more than a scintilla of evidence raising a fact issue as to her claims of partnership and equitable reimbursement and partition; (4) Smith admitted the existence of the partnership by failing to verify his original answer to her petition for dissolution of partnership; and (5) she presented sufficient evidence of a constructive trust. Recognizing that Ball's first issue is multifarious, we will nevertheless address each complaint in the interest of justice.

### Adequacy of Smith's Motion for Summary Judgment

■ Ball's first two complaints challenge the adequacy of Smith's motion. First, Ball claims that Smith should have first attacked her alleged failure to state a cause of action with special exceptions so that Ball could amend her petition. We note that Smith's motion alleged that Ball failed to state a cause of action and to raise a genuine issue of material fact as to essential elements of her claims. As a general rule, a party should not use a motion for summary judgment to attack a deficiency in a pleading that could be cured by amendment. *Sixth RMA Partners v. Sibley,* 111 S.W.3d 46, 54–55 (Tex. 2003). However, if the nonmovant does not object to the motion for summary judgment on the ground that it is an attempt to circumvent the special exception practice, the issue is waived. *San Jacinto River Auth. v. Duke,* 783 S.W.2d 209, 209 (Tex.1990). The record does not reflect that Ball objected to Smith's motion on this ground. In fact, Ball responded to Smith's motion as if it were a no-evidence motion for summary judgment by arguing that she had provided more than a scintilla of evidence regarding partnership and equitable reimbursement. Therefore, we will not consider the merits of this complaint.

■ Second, Ball contends that Smith's motion lacks specificity. Although Ball did not bring this alleged defect to trial court's attention, we have held that a nonmovant may challenge the legal sufficiency of a no-evidence motion for summary judgment on appeal without first objecting to the trial court. *Crocker v. Paulyne's Nursing Home, Inc.*, 95 S.W.3d 416, 419 (Tex.App.-Dallas 2002, no pet.). We must therefore determine whether Smith's motion complies with the rules governing no-evidence motions for summary judgment.

A no-evidence motion for summary judgment must state the elements as to which there is no evidence. TEX.R. CIV. P. 166a(i). After making the general statement that there is no evidence to raise a genuine material fact, Smith's petition addressed each of Ball's claims.

Citing R.C.S. art. 6132b–2.02(a), Smith offered the statutory definition of "partnership" as an association of two or more people to carry on a business, as owners, for profit. He then listed from R.C.S. art. 6132b–2.03(a) statutory factors for determining whether an entity will be treated as a partnership:

(1) The right to receive a share of profits of the business;

(2) Expressions of intent to be partners;

(3) Participation, or the right of participation, in the control of the business;

(4) Sharing or agreements to share business losses or liabilities for third-party claims;

(5) The contribution of money or property to the business.

Smith then stated that no business was formed between himself and Ball. A common-sense reading indicates that these five factors are the elements that he challenged with respect to the alleged partnership.

Smith asserted that there was no resulting trust. He specifically claimed that there was no evidence that Ball did not intend him to have beneficial interest in the property.

Smith claimed that the remainder of Ball's claims are based upon a purported promise to Ball. He cited section 1.108 of the family code, section 5.021 of the property code, and the statute of frauds to show that the promise that Ball used to support her claims must be in writing to be enforceable. He specifically asserted that there is no writing to evidence any promise or agreement as claimed by Ball.

We conclude that Smith's motion was legally sufficient. Smith stated there is no evidence (1) of the five determining factors to indicate a partnership, (2) of Ball's lack of intent to make a gift to Smith, and (3) of a writing that supports Ball's claims of equitable reimbursement and partition, negligent misrepresentation, fraud, and breach of contract as a result of Smith's alleged promise. Although Smith discussed several claims together, his assertions of no evidence are not mere conclusory allegations as Ball argues.

**Ball's Burden of Proof**

To decide Ball's remaining complaints, we must determine whether Ball presented summary judgment evidence raising a genuine issue of material fact with respect to any of her claims.

**Partnership**

■ Ball argues that she presented more than a scintilla of evidence raising a fact issue as to her claim of partnership. She further asserts that Smith's failure to verify his original answer to her petition for dissolution of partnership constitutes an admission of the partnership, which should have prevented the trial court from granting a no-evidence summary judgment. We disagree.

In responding to Smith's allegations regarding partnership, Ball had the burden

to show that a partnership existed. In her first response to Smith's motion, Ball claimed that she and Smith had agreed that she would run and maintain the household, which would allow Smith to devote more time and money to his classic car insurance business. She further claimed that she had taken an active part in the marketing and sales of the services provided by the business with the expectation of sharing the profits. As proof of this business arrangement, she outlined her expenditures on Smith's household. Ball also attached her affidavit, which basically reiterated the assertions in the response.

Ball was not required to present or arrange all of her evidence in response to Smith's motion. *See Saenz v. Southern Un. Gas Co.*, 999 S.W.2d 490, 493–94 (Tex. App.-El Paso 1999, pet. denied). However, she did need to point out evidence that raised a fact issue on the challenged elements. *Id.* Ball did nothing more than present unsubstantiated claims. We agree with Smith that Ball offered no evidence of (1) her right to receive a share of the profits, (2) any intent to form a partnership for profit, (3) her participation, or right to participate, in the control of the business, or (4) sharing or agreements to share business losses or liabilities for third-party claims. Although Ball listed expenditures, she presented nothing to suggest that these were actually contributions to the purported business.

■ Ball is correct in her assertion that failure to file a rule 93 verified denial of partnership generally constitutes an admission of partnership, which cannot be controverted at trial. *Washburn v. Krenek*, 684 S.W.2d 187, 191 (Tex.App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.). However, when Smith filed his no-evidence motion for summary judgment, Ball assumed the entire burden of proof. *See*

TEX.R. CIV. P. 166a(i). Although a trial court may take judicial notice of its own records, it is required to do so only if requested by a party who supplies the necessary information to the court. TEX.R. EVID. 201(d); *Tschirhart v. Tschirhart*, 876 S.W.2d 507, 508 (Tex.App.-Austin 1994, no writ). At no point did Ball bring Smith's failure to verify his denial of a partnership to the trial court's attention or ask that it take judicial notice of Smith's original answer to her petition for dissolution of partnership.

We conclude that Ball failed to carry her burden of proof with respect to the existence of a partnership. At best, she has created only a mere surmise or suspicion of fact. *See Marsaglia v. UTEP*, 22 S.W.3d 1, 4 (Tex.App.-El Paso 1990, pet. denied).

### Equitable reimbursement and partition

■ Ball likewise argues that she presented more than a scintilla of evidence raising a fact issue as to her claim of equitable reimbursement and partition. We again disagree.

Ball's second amended petition asserted that she is entitled to equitable reimbursement and partition of assets and property because she made a substantial number of expenditures based upon Smith's representations and assurances. Ball specifically claimed that she would not have made the expenditures without Smith's promises.

After Smith asserted in his motion for summary judgment that this purported agreement was unenforceable because there was no writing to evidence it, Ball changed her claim regarding equitable reimbursement and partition. In her response to the motion for summary judgment, she asserted that her claim was not contingent on any representation by Smith. Then, in her supplemental response to Smith's motion, she argued that

the right to partition is absolute, citing section 23.001 of the property code.

The issue before us is whether Ball raised a fact issue on the challenged element. We conclude that she did not. The challenged element was Smith's promise that prompted Ball to expend large amounts of money, as she alleged in her second amended petition. Ball did not carry her burden of proof by simply changing her claim in her response and attempting to support it. If Ball had wished to change her claim, she was free to amend her second amended pleading prior to the hearing. *See* TEX.R. CIV. P. 63.

**Trust**

■ Ball claims that she provided sufficient evidence of the existence of a constructive trust to raise a genuine issue of fact. According to Ball, she presented evidence of a prior confidential relationship and unfair conduct on Smith's part in the affidavit attached to her response to Smith's motion for summary judgment.

Ball's response specifically addressed only two claims from her second amended petition—dissolution of partnership and equitable reimbursement and partition. Ball's affidavit, attached as "Exhibit A" to her response, discussed the alleged partnership between Ball and Smith. Ball never referred to a trust in either the response or the affidavit.

We must decide whether Ball raised a fact issue on the challenged element. The challenged element regarding a trust was Ball's lack of intent to make a gift to Smith. She never specifically addressed this challenge. Ball did not carry her burden of proof.

Accordingly, we overrule Ball's first issue.

**II. Sanctions**

Ball argues that the trial court erred in imposing sanctions against her under chapter 10. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 10 (Vernon 2002). Smith contends that the trial court simply awarded attorney's fees to the successful party rather than imposing sanctions. After examining the record, we agree with Smith.

■ In Smith's Motion for Final Summary Judgment and Motion for Sanctions, he asked the trial court to award him reasonable attorney's fees and to impose sanctions against Ball for filing a pleading that was both frivolous and groundless. At the hearing on the motion for summary judgment, Smith's attorney presented evidence of attorney's fees for both the claim of informal marriage and the motion for summary judgment. In its order granting summary judgment, the trial court awarded Smith $6,160 as attorney's fees. In its findings of fact and conclusions of law, the trial court stated that Ball's Second Amended Petition was both frivolous and groundless. It also stated that it was appropriate for Ball to pay Smith's attorney's fees.

However, the trial court never characterized the award as a sanction under chapter 10, as Ball asserts. In fact, Ball requested that the trial court state in additional conclusions of law that it had indeed sanctioned Ball pursuant to chapter 10, but the record contains no additional conclusions of law. Based on the record before us, we conclude that the trial court did not intend to impose sanctions.

We overrule Ball's second issue.

**Conclusion**

Having overruled both of Ball's issues, we affirm the judgment of the trial court.