02-11-444-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00444-CV

 

 


 
 
 Anne Settle and John Settle
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Humberto George and A&W Industries, Inc.
 
 
  
 
 
 APPELLEES
 
 


 

 


 
 
 HUMBERTO
 GEORGE
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 ANNE
 SETTLE AND JOHN SETTLE
 
 
  
 
 
 APPELLEES
 
 


 

 


 
 
 A&W
 INDUSTRIES, INC.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 ANNE
 SETTLE AND JOHN SETTLE
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

FROM THE 141st
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          Appellants
and Appellees Anne Settle and John Settle and Appellants and Appellees Humberto
George and A&W Industries, Inc. appeal the trial court’s modified order
granting summary judgment in favor of George and A&W.  We will modify the
order and affirm it as modified.

II.  Background

          A&W
is a Texas corporation that manufactures burial vaults.  A&W and George
claim that George is A&W’s president and one of its three directors and that
John has served as A&W’s vice president, secretary and treasurer, and
corporate accountant at various times since 1999.

          The
Settles claim that Anne is a director of A&W and that John is its chief
financial officer; that they entered into an agreement with George in 1999
whereby they acquired 50% of A&W’s stock in exchange for providing
financial assistance to A&W; and that at an annual meeting of A&W’s
board of directors in July 2005, the board voted to rescind all of A&W’s
common stock certificates and to reissue 50% of the common stock to George and
the other 50% to Anne.

          George
claims that Anne has never been a member of A&W’s board of directors, that
A&W does not have a chief financial officer, that the July 2005 board-of-directors
meeting never occurred, that the purported minutes from the meeting are a
forgery, and that neither Anne nor John were ever given 50% of A&W’s stock.
 According to George, John illegally transferred funds from A&W’s accounts
to himself or to accounts controlled by him, and when George questioned John
about the transfers and demanded an accounting, John refused to provide any
information and notified George that he wanted to sell his shares in A&W.  George
consequently took steps to protect A&W’s assets and monies from further
depletion by changing the locks and installing a new security system at
A&W’s corporate office, denying John access to A&W’s new computer
server, and arranging for an independent audit of A&W’s financial records.

          The
Settles claim that John was concerned about several corporate purchases and
hiring decisions recently made at A&W and that he was locked out of A&W
and denied access to the corporate accounting books around the time that he
notified George that he intended to sell Anne’s shares in A&W.

          The
Settles sued George and A&W in November 2010, alleging that George had
breached fiduciary duties to A&W, seeking appointment of a receiver to
rehabilitate A&W’s assets, and requesting a temporary injunction
prohibiting George from taking certain actions in regard to A&W’s business.
 George and A&W answered and filed special exceptions, which were never
ruled on, and A&W filed counterclaims against the Settles for a declaratory
judgment, breach of fiduciary duty, fraud, embezzlement, and civil conspiracy.  The
Settles later amended their petition to assert a fraud claim against George.  George
and A&W each filed motions for summary judgment against the Settles, and
the trial court granted both motions, rendering take-nothing judgments in favor
of George and A&W, and severed the Settles’ claims against George and
A&W from any other outstanding claims.  The Settles timely filed a motion
for new trial, and after a hearing thereon, the trial court signed a modified
order on George’s and A&W’s motions for summary judgment that provides in
relevant part as follows:

          IT IS
ORDERED that Plaintiffs, John Settle and Anne Settle failed to state any cause
of action as to Defendants and their case is dismissed;

 

                   . . . .

          There is no
res judicata to future actual cause of action pleaded properly because
Plaintiff has yet to plead a cause of action.  This is a final judgment.

The Settles,
George, and A&W appeal.

III.  The Settles’ Appeal

          A.      Pleading
Deficiency Summary Judgment

          In
their first issue, the Settles argue that the trial court reversibly erred by
granting George’s and A&W’s motions for summary judgment on the basis of deficiencies
in the Settles’ pleadings.  They contend that the trial court “permitted
[George and A&W] to use those motions to substitute for special exceptions
and thus, deprived [the Settles] of the opportunity to amend their pleadings to
cure any alleged defects therein.”  Both George and A&W respond that the
Settles failed to preserve this issue for appellate review.  We agree with
George and A&W.

          Generally,
it is improper to grant summary judgment on a deficient pleading’s failure to
state a cause of action when the deficiency can be attacked through a special
exception.  In re B.I.V., 870 S.W.2d 12, 13–14 (Tex. 1994); see
Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983).  Summary
judgment may be granted only after the complaining party has been given an opportunity
to amend his pleadings through a special exception.  See Tex. R. Civ. P.
91; Friesenhahn v. Ryan, 960 S.W.2d 656, 658–59 (Tex. 1998).  However, a
nonmovant waives a complaint that summary judgment was improperly granted by
failing to raise it in the summary judgment proceeding at trial.  San
Jacinto River Auth. v. Duke, 783 S.W.2d 209, 210 (Tex. 1990); Warwick
Towers Council of Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park
Warwick, L.P., 298 S.W.3d 436, 444 (Tex. App.—Houston [14th Dist.] 2009, no
pet.).

          George
set out the following grounds in support of his first amended motion for
summary judgment:

·       
“Plaintiffs
have failed to allege any facts that would give rise to an informal fiduciary relationship
under Texas law.  In fact they have, through their pleadings, alleged facts
that affirmatively negate such a duty.”

 

·       
“Nowhere
in the plaintiffs’ petition do they allege any facts showing that actual fraud
was committed by either the corporation or Movant.”

 

·       
“The
plaintiffs have not even alleged any facts showing any legally cognizable fraud
committed by the corporation or Movant.”

 

·       
“The
plaintiffs have not even alleged any facts showing any legally cognizable
breach of fiduciary duty even if such duty were to be owed by George to the
plaintiffs.”

A&W
set out the following grounds in support of its motion for summary judgment:

·       
“Plaintiffs
fail to allege any facts that would support the appointment of a receiver of
Movant.”

 

·       
“Plaintiffs
fail to allege any facts that would support an award of attorney fees against
Movant.”

 

·       
“Plaintiffs
fail to allege any damages caused by Movant and affirmatively admit that Movant
has not committed any illegal acts.”

          Considering
these grounds and the record on appeal, it is apparent that George and A&W
moved for—and that the trial court granted—summary judgment on the basis of the
Settles’ defective pleadings.  But the Settles did not assert any objection in
their original or amended responses to George’s and A&W’s motions that the
summary judgment was improperly sought on account of the Settles’ deficient
pleadings, nor do the Settles argue on appeal that they somehow otherwise
preserved this argument for appellate review.[2]  Further, the Settles’
responses did not request an opportunity to amend their petition.  Therefore, we
hold that the Settles waived this issue for appellate review.  See Warwick
Towers, 298 S.W.3d at 444 (declining to address appellant’s argument that trial
court erred by granting summary judgment on pleadings because appellant did not
object in summary judgment proceeding or request an opportunity to amend); Ball
v. Smith, 150 S.W.3d 889, 893 (Tex. App.—Dallas 2004, no pet.) (declining
to address appellant’s complaint that appellee should have filed special
exceptions instead of summary judgment because appellant did not object to
motion at trial); Higbie Roth Constr. Co. v. Houston Shell & Concrete,
1 S.W.3d 808, 811 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (holding
that appellant waived any complaint premised on the absence of special
exceptions by not objecting in the trial court to appellees’ use of summary
judgment on the pleadings); see also Coleman v. SBC Commc’ns, Inc.,
No. 04-99-00889-CV, 2000 WL 1060378, at *1–2 (Tex App.—San Antonio July 19,
2000, no pet.) (holding that appellant waived argument that trial court
improperly granted summary judgment for deficient pleadings because appellant
did not object to motion at trial).  We overrule the Settles’ first issue.

          B.      Fraud
Pleading

          In
their second issue, the Settles argue that the trial court erred by granting
George’s and A&W’s motions for summary judgment because the Settles alleged
a claim for fraud.

          When
a motion for summary judgment is based on the insufficiency of a nonmovant’s
pleadings, on appeal, we assume that all allegations and facts in the pleadings
are true and indulge every reasonable inference and resolve any doubts in favor
of the nonmovant.  Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex.
1994); Warwick Towers, 298 S.W.3d at 444.

          A
party commits fraud by (1) making a false, material representation
(2) that the party either knows to be false or asserts recklessly without
knowledge of its truth (3) with the intent that the misrepresentation be
acted upon, (4) and the person to whom the misrepresentation is made acts
in reliance upon it and (5) is injured as a result.  Ernst & Young,
L.L.P. v. Pac. Mut. Life Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001); All
Am. Tel., Inc. v. USLD Commc’ns, Inc., 291 S.W.3d 518, 527 (Tex. App.—Fort
Worth 2009, pet. denied).  However, it is well settled that communications in
the course of judicial proceedings are absolutely privileged and cannot serve
as the basis of a lawsuit in tort.  See James v. Brown, 637 S.W.2d 914,
916 (Tex. 1982).  Although most cases addressing the judicial communication
privilege involve claims of libel or slander, Texas courts have applied the
privilege to claims arising out of communications made in the course of
judicial proceedings, regardless of the label placed upon the claim.  Laub
v. Pesikoff, 979 S.W.2d 686, 690 (Tex. App.—Houston [1st Dist.] 1998, pets.
denied); see Bird v. W.C.W., 868 S.W.2d 767, 768 (Tex. 1994) (extending
privilege beyond defamation claim).

          The
Settles’ second amended petition included the following allegations in support
of their fraud claim:

          The
Plaintiffs would show that in April of 1999, Humberto George, acting
individually and as president of A&W Industries, Inc., agreed to give the
Settles 50% of the stock of A&W Industries, Inc. in return for their
financial assistance as previously alleged herein.  On November 17,
2010, Humberto George filed an affidavit in this cause of action attached as
Exhibit “B”.  In paragraph 7 of this affidavit Humberto George states
under oath that “John and Anne Settle were never given 50% of the stock of the
corporation.”  Plaintiffs would show that Anne Settle was given Twenty Five
Thousand shares of A&W Industries, Inc. stock and this transfer was
memorialized by Stock Certificate Number 6.  (A copy of which is attached
as exhibit “C”).  This document was signed by Humberto George and Sherry
Rountree.  Pursuant to the minutes of the Annual Meeting of Directors on July 7,
2005, these shares were rescinded and the shares were reissued to Humberto
George and Anne Settle equally as 500 shares a piece.  (A copy of the Annual
Meeting of Directors dated July 7, 2005 is attached as Exhibit “A”).  This
document was also signed by Humberto George.  Further, in a personal financial
statement dated June 30, 2005 and signed by Humberto George, the Defendant
lists his interest in A&W Industries, Inc. as a 50% owner wherein he states
the total value of the assets of the company to be $600,000.00 and his portion
to be one-half that amount which is $300,000.00.  (A redacted copy of this
personal financial statement is attached as Exhibit “D”).  The date of Humberto
George’s financial statement of June 30, 2005 is contemporaneous with the
date of the Minutes of the Annual Meeting of Directors of July 7, 2005. 
These documents clearly establish the Plaintiff’s claim of Anne Settle’s 50% stock
ownership of A&W Industries, Inc.  Humberto George’s denial of Anne
Settle’s 50% ownership of A&W Industries, Inc. is a fraudulent attempt to
deny Anne Settle her ownership interest in the company. . . . 
These actions entitle the Plaintiffs to actual and exemplary damages. 
[Emphasis added.]

          Thus,
the Settles did not allege that George committed fraud by not turning
over the A&W stock or by not doing something that he represented he would do
in regard to the A&W stock.  Instead, they alleged that George did
turn over the A&W stock but that he committed fraud by claiming in an
affidavit filed as part of this litigation that Anne does not own 50% of
A&W’s stock.[3]  Because the fraud claim
is based upon a privileged communication made during the course of these
judicial proceedings, the Settles did not allege a viable cause of action for
fraud, and the trial court did not err by granting summary judgment in favor of
George and A&W.  We overrule the Settles’ second issue.

IV.  George’s and A&W’s Appeals

          In
their first issues, George and A&W argue that we should modify the trial
court’s modified order granting the motions for summary judgment to delete the
language providing that the Settles’ claims are “dismissed.”  When a motion for
summary judgment seeks a take-nothing summary judgment, an order granting such
a motion results in a take-nothing summary judgment.  Jobe v. Lapidus,
874 S.W.2d 764, 766 n.2 (Tex. App.—Dallas 1994, writ denied).  Both George’s
and A&W’s motions for summary judgment prayed that they “be granted summary
judgment that Plaintiffs take nothing.”  The trial court granted both motions
for summary judgment, expressly stating that “[t]his is a final judgment.”  We
sustain George’s and A&W’s first issues.  See Martinez v. S. Pac.
Transp. Co., 951 S.W.2d 824, 830 (Tex. App.—San Antonio 1997, no writ)
(“The case was disposed of on the motion for summary judgment.  Therefore, the
proper judgment is that plaintiff take nothing.”); Neira v. Bandera Cnty.
Fresh Water Supply Dist. No. 1, No. 04-96-00739-CV, 1997 WL 589222, at *4
(Tex. App.—San Antonio Sept. 24, 1997, pet. dism’d w.o.j.) (reforming
dismissal judgment to take-nothing judgment) , cert. denied, 526 U.S.
824 (1998).

          In
their second issues, George and A&W argue that we should strike the
language in the modified order disclaiming the res judicata effect of the
summary judgment on future claims.

          Res judicata
prevents the relitigation of a claim or cause of action that has been finally
adjudicated, as well as matters that, with the use of diligence, should have
been litigated in the prior suit.  Barr v. Resolution Trust Corp. ex rel.
Sunbelt Fed. Sav., 837 S.W.2d 627, 628, 631 (Tex. 1992).  A summary
judgment is a final judgment on the merits that bars relitigation of the case. 
Pines of Westbury, Ltd. v. Paul Michael Constr., Inc., 993 S.W.2d 291,
294 (Tex. App.—Eastland 1999, pet. denied).

          Here,
both of the original orders granting George and A&W summary judgment state
that the Settles shall “take nothing” against George and A&W, respectively.
 At the hearing on the Settles’ motion for new trial, however, the trial court
explained that it thought the original orders were worded too broadly because
the summary judgments did not dispose of causes of action.  The trial court appeared
to be under the impression that because it had granted George and A&W summary
judgment on the basis of the Settles’ deficient pleadings, the Settles were not
prohibited from later asserting a tort claim against George, A&W, or both.  According
to the trial court, “So the door is wide open.  They never alleged a cause of
action against your client, and so there can be no res judicata.”  The trial
court inserted the language in the modified order disclaiming the res judicata
effect of the summary judgment on future claims, but it retained the language
that “[t]his is a final judgment.”

          The
trial court granted a final summary judgment, albeit on deficient pleadings. 
Although the trial court opined that “there can be no res judicata”
because the Settles “never alleged a cause of action,” the doctrine of res judicata
is not so limited—res judicata will also bar the Settles from relitigating
any future claim that, through the use of diligence, should have been
litigated in the suit.  See Barr, 837 S.W.2d at 631.  That there
were deficiencies in the claims that the Settles attempted to plead did not
somehow relieve them of the duty to additionally exercise diligence and plead
claims that could have been litigated in the suit.  The Settles do not direct
us to any authorities, nor are we aware of any, holding that res judicata
is inapplicable when the trial court grants a summary judgment on the basis of
a deficient pleading.  Accordingly, we sustain George’s and A&W’s second issues.

V.  Conclusion

          Having
overruled the Settles’ first and second issues and sustained George and
A&W’s first and second issues, we modify the portion of the trial court’s
October 7, 2011 modified order by replacing the phrase “failed to state
any cause of action as to Defendants and their case is dismissed” with “take
nothing against Defendants HUMBERTO GEORGE AND A&W INDUSTRIES, INC.”  We
also modify the order to strike the following language:  “There is no
res judicata to future actual cause of action pleaded properly because
Plaintiff has yet to plead a cause of action.”  We affirm the trial court’s modified
order as modified.

 

BILL MEIER
JUSTICE

 

PANEL: 
DAUPHINOT,
MCCOY, and MEIER, JJ.

 

DELIVERED:  July 19, 2012









[1]See Tex. R. App. P. 47.4.





[2]In fact, the Settles
attempted to refute George’s and A&W’s arguments about the alleged
deficient pleadings in their amended responses.





[3]The Settles even supported
their pleading with attachments purportedly demonstrating that Anne does indeed
own 50% of A&W’s shares.