

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-11-00444-CV

ANNE SETTLE AND JOHN SETTLE                                    APPELLANTS

V.

HUMBERTO GEORGE AND A&W                                        APPELLEES
INDUSTRIES, INC.

HUMBERTO GEORGE                                                APPELLANT

V.

ANNE SETTLE AND JOHN SETTLE                                    APPELLEES

A&W INDUSTRIES, INC.                                           APPELLANT

V.

ANNE SETTLE AND JOHN SETTLE                                    APPELLEES

----------

## FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

----------

# MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellants and Appellees Anne Settle and John Settle and Appellants and Appellees Humberto George and A&W Industries, Inc. appeal the trial court's modified order granting summary judgment in favor of George and A&W. We will modify the order and affirm it as modified.

## II. BACKGROUND

A&W is a Texas corporation that manufactures burial vaults. A&W and George claim that George is A&W's president and one of its three directors and that John has served as A&W's vice president, secretary and treasurer, and corporate accountant at various times since 1999.

The Settles claim that Anne is a director of A&W and that John is its chief financial officer; that they entered into an agreement with George in 1999 whereby they acquired 50% of A&W's stock in exchange for providing financial assistance to A&W; and that at an annual meeting of A&W's board of directors in July 2005, the board voted to rescind all of A&W's common stock certificates and to reissue 50% of the common stock to George and the other 50% to Anne.

George claims that Anne has never been a member of A&W's board of directors, that A&W does not have a chief financial officer, that the July 2005

----

[1]See Tex. R. App. P. 47.4.

board-of-directors meeting never occurred, that the purported minutes from the meeting are a forgery, and that neither Anne nor John were ever given 50% of A&W's stock. According to George, John illegally transferred funds from A&W's accounts to himself or to accounts controlled by him, and when George questioned John about the transfers and demanded an accounting, John refused to provide any information and notified George that he wanted to sell his shares in A&W. George consequently took steps to protect A&W's assets and monies from further depletion by changing the locks and installing a new security system at A&W's corporate office, denying John access to A&W's new computer server, and arranging for an independent audit of A&W's financial records.

The Settles claim that John was concerned about several corporate purchases and hiring decisions recently made at A&W and that he was locked out of A&W and denied access to the corporate accounting books around the time that he notified George that he intended to sell Anne's shares in A&W.

The Settles sued George and A&W in November 2010, alleging that George had breached fiduciary duties to A&W, seeking appointment of a receiver to rehabilitate A&W's assets, and requesting a temporary injunction prohibiting George from taking certain actions in regard to A&W's business. George and A&W answered and filed special exceptions, which were never ruled on, and A&W filed counterclaims against the Settles for a declaratory judgment, breach of fiduciary duty, fraud, embezzlement, and civil conspiracy. The Settles later amended their petition to assert a fraud claim against George. George and A&W

3

each filed motions for summary judgment against the Settles, and the trial court granted both motions, rendering take-nothing judgments in favor of George and A&W, and severed the Settles' claims against George and A&W from any other outstanding claims. The Settles timely filed a motion for new trial, and after a hearing thereon, the trial court signed a modified order on George's and A&W's motions for summary judgment that provides in relevant part as follows:

> IT IS ORDERED that Plaintiffs, John Settle and Anne Settle failed to state any cause of action as to Defendants and their case is dismissed;
>
> . . . .
>
> There is no res judicata to future actual cause of action pleaded properly because Plaintiff has yet to plead a cause of action. This is a final judgment.

The Settles, George, and A&W appeal.

### III. THE SETTLES' APPEAL

### A. Pleading Deficiency Summary Judgment

In their first issue, the Settles argue that the trial court reversibly erred by granting George's and A&W's motions for summary judgment on the basis of deficiencies in the Settles' pleadings. They contend that the trial court "permitted [George and A&W] to use those motions to substitute for special exceptions and thus, deprived [the Settles] of the opportunity to amend their pleadings to cure any alleged defects therein." Both George and A&W respond that the Settles failed to preserve this issue for appellate review. We agree with George and A&W.

4

Generally, it is improper to grant summary judgment on a deficient pleading's failure to state a cause of action when the deficiency can be attacked through a special exception. *In re B.I.V.*, 870 S.W.2d 12, 13–14 (Tex. 1994); *see Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983). Summary judgment may be granted only after the complaining party has been given an opportunity to amend his pleadings through a special exception. *See* Tex. R. Civ. P. 91; *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658–59 (Tex. 1998). However, a nonmovant waives a complaint that summary judgment was improperly granted by failing to raise it in the summary judgment proceeding at trial. *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 210 (Tex. 1990); *Warwick Towers Council of Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 298 S.W.3d 436, 444 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

George set out the following grounds in support of his first amended motion for summary judgment:

- "Plaintiffs have failed to allege any facts that would give rise to an informal fiduciary relationship under Texas law. In fact they have, through their pleadings, alleged facts that affirmatively negate such a duty."

- "Nowhere in the plaintiffs' petition do they allege any facts showing that actual fraud was committed by either the corporation or Movant."

- "The plaintiffs have not even alleged any facts showing any legally cognizable fraud committed by the corporation or Movant."

- "The plaintiffs have not even alleged any facts showing any legally cognizable breach of fiduciary duty even if such duty were to be owed by George to the plaintiffs."

A&W set out the following grounds in support of its motion for summary judgment:

- "Plaintiffs fail to allege any facts that would support the appointment of a receiver of Movant."

- "Plaintiffs fail to allege any facts that would support an award of attorney fees against Movant."

- "Plaintiffs fail to allege any damages caused by Movant and affirmatively admit that Movant has not committed any illegal acts."

Considering these grounds and the record on appeal, it is apparent that George and A&W moved for—and that the trial court granted—summary judgment on the basis of the Settles' defective pleadings. But the Settles did not assert any objection in their original or amended responses to George's and A&W's motions that the summary judgment was improperly sought on account of the Settles' deficient pleadings, nor do the Settles argue on appeal that they somehow otherwise preserved this argument for appellate review.[2] Further, the Settles' responses did not request an opportunity to amend their petition. Therefore, we hold that the Settles waived this issue for appellate review. *See Warwick Towers*, 298 S.W.3d at 444 (declining to address appellant's argument that trial court erred by granting summary judgment on pleadings because appellant did not object in summary judgment proceeding or request an opportunity to amend); *Ball v. Smith*, 150 S.W.3d 889, 893 (Tex. App.—Dallas

---

[2]In fact, the Settles attempted to refute George's and A&W's arguments about the alleged deficient pleadings in their amended responses.

6

2004, no pet.) (declining to address appellant's complaint that appellee should have filed special exceptions instead of summary judgment because appellant did not object to motion at trial); *Higbie Roth Constr. Co. v. Houston Shell & Concrete*, 1 S.W.3d 808, 811 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (holding that appellant waived any complaint premised on the absence of special exceptions by not objecting in the trial court to appellees' use of summary judgment on the pleadings); *see also Coleman v. SBC Commc'ns, Inc.*, No. 04-99-00889-CV, 2000 WL 1060378, at *1–2 (Tex App.—San Antonio July 19, 2000, no pet.) (holding that appellant waived argument that trial court improperly granted summary judgment for deficient pleadings because appellant did not object to motion at trial). We overrule the Settles' first issue.

## B. Fraud Pleading

In their second issue, the Settles argue that the trial court erred by granting George's and A&W's motions for summary judgment because the Settles alleged a claim for fraud.

When a motion for summary judgment is based on the insufficiency of a nonmovant's pleadings, on appeal, we assume that all allegations and facts in the pleadings are true and indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994); *Warwick Towers*, 298 S.W.3d at 444.

A party commits fraud by (1) making a false, material representation (2) that the party either knows to be false or asserts recklessly without knowledge

7

of its truth (3) with the intent that the misrepresentation be acted upon, (4) and the person to whom the misrepresentation is made acts in reliance upon it and (5) is injured as a result. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001); *All Am. Tel., Inc. v. USLD Commc'ns, Inc.*, 291 S.W.3d 518, 527 (Tex. App.—Fort Worth 2009, pet. denied). However, it is well settled that communications in the course of judicial proceedings are absolutely privileged and cannot serve as the basis of a lawsuit in tort. *See James v. Brown*, 637 S.W.2d 914, 916 (Tex. 1982). Although most cases addressing the judicial communication privilege involve claims of libel or slander, Texas courts have applied the privilege to claims arising out of communications made in the course of judicial proceedings, regardless of the label placed upon the claim. *Laub v. Pesikoff*, 979 S.W.2d 686, 690 (Tex. App.—Houston [1st Dist.] 1998, pets. denied); *see Bird v. W.C.W.*, 868 S.W.2d 767, 768 (Tex. 1994) (extending privilege beyond defamation claim).

The Settles' second amended petition included the following allegations in support of their fraud claim:

> The Plaintiffs would show that in April of 1999, Humberto George, acting individually and as president of A&W Industries, Inc., agreed to give the Settles 50% of the stock of A&W Industries, Inc. in return for their financial assistance as previously alleged herein. *On November 17, 2010, Humberto George filed an affidavit in this cause of action attached as Exhibit "B". In paragraph 7 of this affidavit Humberto George states under oath that "John and Anne Settle were never given 50% of the stock of the corporation."* Plaintiffs would show that Anne Settle was given Twenty Five Thousand shares of A&W Industries, Inc. stock and this transfer was memorialized by Stock Certificate Number 6. (A copy of which is

8

attached as exhibit "C"). This document was signed by Humberto George and Sherry Rountree. Pursuant to the minutes of the Annual Meeting of Directors on July 7, 2005, these shares were rescinded and the shares were reissued to Humberto George and Anne Settle equally as 500 shares a piece. (A copy of the Annual Meeting of Directors dated July 7, 2005 is attached as Exhibit "A"). This document was also signed by Humberto George. Further, in a personal financial statement dated June 30, 2005 and signed by Humberto George, the Defendant lists his interest in A&W Industries, Inc. as a 50% owner wherein he states the total value of the assets of the company to be $600,000.00 and his portion to be one-half that amount which is $300,000.00. (A redacted copy of this personal financial statement is attached as Exhibit "D"). The date of Humberto George's financial statement of June 30, 2005 is contemporaneous with the date of the Minutes of the Annual Meeting of Directors of July 7, 2005. These documents clearly establish the Plaintiff's claim of Anne Settle's 50% stock ownership of A&W Industries, Inc. *Humberto George's denial of Anne Settle's 50% ownership of A&W Industries, Inc. is a fraudulent attempt to deny Anne Settle her ownership interest in the company*. . . . These actions entitle the Plaintiffs to actual and exemplary damages. [Emphasis added.]

Thus, the Settles did not allege that George committed fraud by *not* turning over the A&W stock or by not doing something that he represented he would do in regard to the A&W stock. Instead, they alleged that George *did* turn over the A&W stock but that he committed fraud by claiming in an affidavit filed as part of this litigation that Anne does not own 50% of A&W's stock.[3] Because the fraud claim is based upon a privileged communication made during the course of these judicial proceedings, the Settles did not allege a viable cause of action for fraud, and the trial court did not err by granting summary judgment in favor of George and A&W. We overrule the Settles' second issue.

---

[3]The Settles even supported their pleading with attachments purportedly demonstrating that Anne does indeed own 50% of A&W's shares.

9

## IV. GEORGE'S AND A&W'S APPEALS

In their first issues, George and A&W argue that we should modify the trial court's modified order granting the motions for summary judgment to delete the language providing that the Settles' claims are "dismissed." When a motion for summary judgment seeks a take-nothing summary judgment, an order granting such a motion results in a take-nothing summary judgment. *Jobe v. Lapidus*, 874 S.W.2d 764, 766 n.2 (Tex. App.—Dallas 1994, writ denied). Both George's and A&W's motions for summary judgment prayed that they "be granted summary judgment that Plaintiffs take nothing." The trial court granted both motions for summary judgment, expressly stating that "[t]his is a final judgment." We sustain George's and A&W's first issues. *See Martinez v. S. Pac. Transp. Co.*, 951 S.W.2d 824, 830 (Tex. App.—San Antonio 1997, no writ) ("The case was disposed of on the motion for summary judgment. Therefore, the proper judgment is that plaintiff take nothing."); *Neira v. Bandera Cnty. Fresh Water Supply Dist. No. 1*, No. 04-96-00739-CV, 1997 WL 589222, at *4 (Tex. App.—San Antonio Sept. 24, 1997, pet. dism'd w.o.j.) (reforming dismissal judgment to take-nothing judgment) , *cert. denied*, 526 U.S. 824 (1998).

In their second issues, George and A&W argue that we should strike the language in the modified order disclaiming the res judicata effect of the summary judgment on future claims.

Res judicata prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as matters that, with the use of diligence, should

10

have been litigated in the prior suit. *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628, 631 (Tex. 1992). A summary judgment is a final judgment on the merits that bars relitigation of the case. *Pines of Westbury, Ltd. v. Paul Michael Constr., Inc.*, 993 S.W.2d 291, 294 (Tex. App.—Eastland 1999, pet. denied).

Here, both of the original orders granting George and A&W summary judgment state that the Settles shall "take nothing" against George and A&W, respectively. At the hearing on the Settles' motion for new trial, however, the trial court explained that it thought the original orders were worded too broadly because the summary judgments did not dispose of causes of action. The trial court appeared to be under the impression that because it had granted George and A&W summary judgment on the basis of the Settles' deficient pleadings, the Settles were not prohibited from later asserting a tort claim against George, A&W, or both. According to the trial court, "So the door is wide open. They never alleged a cause of action against your client, and so there can be no res judicata." The trial court inserted the language in the modified order disclaiming the res judicata effect of the summary judgment on future claims, but it retained the language that "[t]his is a final judgment."

The trial court granted a final summary judgment, albeit on deficient pleadings. Although the trial court opined that "there can be no res judicata" because the Settles "never alleged a cause of action," the doctrine of res judicata is not so limited—res judicata will also bar the Settles from relitigating any future

11

claim that, through the use of diligence, *should have been litigated* in the suit. *See Barr*, 837 S.W.2d at 631. That there were deficiencies in the claims that the Settles attempted to plead did not somehow relieve them of the duty to additionally exercise diligence and plead claims that *could have been* litigated in the suit. The Settles do not direct us to any authorities, nor are we aware of any, holding that res judicata is inapplicable when the trial court grants a summary judgment on the basis of a deficient pleading. Accordingly, we sustain George's and A&W's second issues.

## V. CONCLUSION

Having overruled the Settles' first and second issues and sustained George and A&W's first and second issues, we modify the portion of the trial court's October 7, 2011 modified order by replacing the phrase "failed to state any cause of action as to Defendants and their case is dismissed" with "take nothing against Defendants HUMBERTO GEORGE AND A&W INDUSTRIES, INC." We also modify the order to strike the following language: "There is no res judicata to future actual cause of action pleaded properly because Plaintiff has yet to plead a cause of action." We affirm the trial court's modified order as modified.

BILL MEIER
JUSTICE

PANEL: DAUPHINOT, MCCOY, and MEIER, JJ.

DELIVERED: July 19, 2012